IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ERIK JONES,**

          **Plaintiff,**

      **v.**                            CASE NO. 13-3062-SAC

**TERI MOORE, Nurse,**
**Labette County Jail, et al.,**

          **Defendants.**

### MEMORANDUM AND ORDER

This pro se civil complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Labette County Jail, Oswego, Kansas (LCJ). Plaintiff claims that the nurse at the LCJ replaced his previously-prescribed medication with medication to which he is allergic. Mr. Jones is required to satisfy the filing fee and to show cause why this action should not be dismissed for failure to state sufficient facts to support a federal constitutional claim.

### FILING FEE

The statutory fee for filing a civil rights complaint is $350.00. Plaintiff has neither paid the fee nor submitted a motion to proceed without Prepayment of Fees. This action may not proceed until the filing fee is satisfied in one of these two ways. Plaintiff is given time to satisfy the filing fee. If he fails to satisfy the

fee as ordered within the prescribed time, this action may be dismissed without prejudice and without further notice.

28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without prepayment of fees submit a motion on court-provided forms that includes an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The clerk shall be directed to provide forms for filing a proper motion under 28 U.S.C. § 1915(a).

Plaintiff is reminded that under 28 U.S.C. § 1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve him of the obligation to pay the full amount of the filing fee. Instead, it merely entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as funds become available pursuant to 28 U.S.C. § 1915(b)(2).[1]

**ALLEGATIONS AND CLAIMS**

As the factual basis for this lawsuit, plaintiff alleges the following. He has a lengthy history of mental health problems and

---

[1] Under § 1915(b)(2), the financial officer of the facility where plaintiff is currently confined will be authorized to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's institution account exceeds ten dollars ($10.00) until the filing fee has been paid in full.

2

has attempted suicide at the LCJ. The County Prosecutor moved to have him transferred to Larned State Hospital for a competency evaluation, and the state doctor/psychologist put him on medication. Upon his return to the LCJ, "the nurse" switched his medications to ones to which he is allergic and that make him sick.

Plaintiff names as defendants Teri Moore, Nurse, LCJ; Dianna Grabitt, Jail Administrator, LCJ; and Robert Simms, Sheriff, LCJ. Plaintiff claims that he has been subjected to cruel and unusual punishment and medical malpractice. He seeks monetary relief in an unspecified amount and adequate medical services, or release so he can find adequate medical services.

## SCREENING

Because Mr. Jones is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim upon which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).

## STANDARDS

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v.*

*Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The complaint must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Still, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Twombly*, 550 U.S. at 558. To avoid dismissal, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level," and there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570. The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when

4

the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).

With respect to claims of denial of proper medical treatment in particular, the United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). In the objective analysis, the inmate must show the presence of a "serious medical need," that is, "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Martinez*, 430 F.3d at 1304 (citing *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts

from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 1305 (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)(quotation omitted)).

It follows that an inadvertent failure to provide adequate medical care "fail[s] to establish the requisite culpable state of mind." *Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Likewise, a mere difference of opinion between the inmate and prison or jail medical personnel regarding reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106-07; *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993)(affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992)(Plaintiff's contention that he was denied treatment by a specialist is insufficient to establish a constitutional violation.); *El'Amin v. Pearce*, 750 F.2d 829, 833 (10th Cir. 1984)(A mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim.); *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976)(Where the complaint alleges a "series of sick calls, examinations, diagnoses, and medication," it

"cannot be said there was a 'deliberate indifference' to the prisoner's complaints."). As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 105-106 (footnote omitted). The inmate's right is to medical care-not to the type or scope of medical care he personally desires.


**DISCUSSION**

In the instant action, plaintiff does not allege that he is being denied all treatment for his mental health condition.[2] His own allegations and exhibits indicate that he has been diagnosed as requiring medication and is being provided medication. Nor does he allege facts indicating that the medication prescribed by the Larned psychologist is the only medication to properly treat his condition. Plaintiff's allegations thus indicate a mere difference of opinion between him and jail medical staff as to what medication is appropriate for his condition. Mr. Jones is not entitled to a particular medication that he desires.

---

[2] Plaintiff provides no dates regarding any of the events of which he complains.

7

Plaintiff alleges that he is allergic to the medication provided at the LCJ and that it makes him sick. However, he alleges no facts indicating that he has brought these problems to the attention of medical staff and that they have acted with deliberate indifference. His own exhibits show that he has been instructed to fill out medical requests on two very recent occasions,[3] but not that he complied with this jail procedure. Nor does he allege that he has presented to medical staff at the LCJ with symptoms indicating that the medication currently being provided is itself causing a serious medical condition. An inadvertent failure to provide a certain medication that has not produced side effects when there are other options available might amount to medical malpractice at most, which does not state a viable claim under § 1983.

In addition, plaintiff does not allege facts showing that any

---

[3] In fact, these grievances were submitted only days before this complaint was filed. It thus appears from the face of the complaint that Mr. Jones did not fully and properly exhaust the available administrative remedies prior to filing this civil rights action including having submitted proper medical requests as directed. 42 U.S.C. § 1997e(a) expressly provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id*. This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010). While failure to exhaust generally is an affirmative defense when that failure is clear from materials filed by plaintiff, the court may sua sponte require plaintiff to show that he has exhausted. *See Aquilar Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)(acknowledging district courts may raise exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and dismiss prisoner complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).

defendant other than Nurse Moore participated in the prescription of his medication. Personal participation is an essential element of a claim against an individual under § 1983. Defendants Grabitt and Simms cannot be held liable simply based upon their supervisory status.

Plaintiff is given time to cure the deficiencies in his complaint that have been discussed herein. If he fails to cure these deficiencies within the prescribed time, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to satisfy the filing fee requirement by either paying the fee of $350.00 or submitting a properly completed and supported motion for leave to proceed without fees on court-provided forms.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to show cause why this action should not be dismissed for failure to allege sufficient facts to support a constitutional claim of denial of medical treatment.

The clerk is directed to send IFP forms to plaintiff.

**IT IS SO ORDERED.**

Dated this 25th day of April, 2013, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge